## **AFFIDAVIT**

I, Daniel E. Gwyn, declare the following under penalty of perjury:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (U.S. ICE), Homeland Security Investigations (HSI), and I am assigned to the Grand Rapids, Michigan office. I began my career in 1994 as an Immigration Inspector with the U.S. Immigration and Naturalization Service (U.S. INS). In 1998, I became a Special Agent with U.S. INS. Then in 2003, I became a Special Agent with U.S. ICE. In 2023, I retired from U.S. ICE but was re-hired in September 2025. I am responsible for the investigation of both criminal and administrative violations of the customs and immigration laws of the United States, and one of these violations is the reentry of removed aliens.

2. The information provided in this affidavit is based upon my personal knowledge and observations, along with information provided by other law enforcement personnel including ICE/ERO Deportation Officers and database record checks. I have also reviewed records from system automated data. I have not included every fact known to law enforcement related to this investigation.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and an arrest warrant for David SANCHEZ-RAMIREZ, a thirty-four-year-old citizen and native of Mexico who has been previously removed from the United States after conviction for a felony offense and was found in the United States without authorization in violation of Title 18, United States Code, Sections 1326(a) and (b)(1). SANCHEZ-RAMIREZ last entered the United States on an unknown date, at an unknown place, without being inspected and admitted or paroled by an immigration officer. Below are the known facts of the investigation used to support this complaint:

4. On or about February 20, 2018, an agent with the United States Border Patrol (USBP) at/near Brownsville, Texas, encountered and arrested SANCHEZ-RAMIREZ. USBP determined SANCHEZ-RAMIREZ to be an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act and that he entered the United States at a time or place other

1

than designated by the Attorney General.  On or about February 21, 2018, USBP served SANCHEZ-RAMIREZ with Form I-860, Notice and Order of Expedited Removal, and he was removed to Mexico via the Brownsville/Gateway Port-of-Entry in Brownsville, Texas.

5. On or about February 22, 2018, USBP again encountered and arrested SANCHEZ-RAMIREZ at/near Brownsville, Texas, and determined that he had illegally re-entered, or attempted to re-enter, the United States without being admitted after having been previously removed from the United States with an order of removal.  USBP served him with Form I-871, Notice of Intent/Decision to Reinstate Prior Order.

6. On or about February 23, 2018, SANCHEZ-RAMIREZ was removed to Mexico via the Brownsville/Gateway Port-of-Entry in Brownsville, Texas.

7. On or about May 3, 2018, USBP encountered and arrested SANCHEZ-RAMIREZ at/near Tornillo, Texas, and determined that he had illegally re-entered, or attempted to re-enter, the United States without being admitted after having been previously removed from the United States with an order of removal.  USBP served him with Form I-871, Notice of Intent/Decision to Reinstate Prior Order, and filed a criminal complaint with the United States District Court, Western District of Texas, El Paso Division, for the offense of illegal re-entry in violation of 8 U.S.C. § 1326(a).

8. On or about June 26, 2018, the United States District Court, Western District of Texas, El Paso Division, convicted SANCHEZ-RAMIREZ for Illegal Re-entry in violation of 8 U.S.C. § 1326(a) and sentenced him to probation for a term of thirty-six months. On or about June 29, 2018, SANCHEZ-RAMIREZ was removed to Mexico.

9. On or about November 17, 2018, USBP encountered and arrested SANCHEZ-RAMIREZ at/near Naco, Arizona, and determined that he had illegally re-entered, or attempted to re-enter, the United States without admission after having been previously removed from the United States with an order of removal.

10. On or about November 19, 2018, SANCHEZ-RAMIREZ was removed from the United States to Mexico via Nogales, Arizona.

11. On or about February 20, 2024, the Cass County Sheriff's Office in Cassopolis, Michigan, arrested SANCHEZ-RAMIREZ for Felony Dangerous Drugs. The Cass County Prosecuting Attorney then charged SANCHEZ-RAMIREZ with one count of Felony Controlled Substance – Delivery/Manufacture – Methamphetamine in violation of Michigan Compiled Laws (MCL) 333.7401(2)(b)(i), and one count of Felony Controlled Substance – Possession of Methamphetamine/Ecstasy in violation of MCL 333.7403(2)(b)(i).

12. On or about February 21, 2024, ICE/Enforcement and Removal Operations (ERO) became aware of SANCHEZ-RAMIREZ's presence in the Western District of Michigan when he was fingerprinted at the Cass County Jail in Cassopolis, Michigan, and filed Form I-247A, Immigration Detainer.

13. On or about May 31, 2024, the 43rd Circuit Court of Michigan in Cassopolis, Michigan, sentenced SANCHEZ-RAMIREZ for one count of Controlled Substance - Delivery/Manufacture - Methamphetamine in violation of MCL 333.7401(2)(b)(i). Any other charges were dismissed as part of the plea agreement. SANCHEZ-RAMIREZ received a term of imprisonment of a minimum of twenty-four months to a maximum of twenty years in the Michigan Department of Corrections (MDOC) and was ordered to pay $198.00 in court costs and fines.

14. On or about February 19, 2026, the ICE/ERO Detroit Field Office took custody of SANCHEZ-RAMIREZ from MDOC at the Central Michigan Correctional Facility in St. Louis, Michigan, and transported him to the Detroit Field Office where officers captured biometric information including a photograph and fingerprints for confirmation of identity in DHS/FBI databases. The fingerprints returned with a positive match for David SANCHEZ-RAMIREZ, a native and citizen of Mexico, who had previously been removed from the United States with a prior order of removal.

15. ICE/ERO Officers reviewed the immigration file along with electronic DHS database queries confirming that no records exist of SANCHEZ-RAMIREZ obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his last removal on November 19, 2018.

16. The arrest and subsequent detention of SANCHEZ-RAMIREZ by ICE/ERO was an administrative, non-criminal action made pursuant to the authority found

3

in Sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

17. ICE/ERO Detroit served SANCHEZ-RAMIREZ with Form I-871, Notice of Intent/Decision to Reinstate Prior Order.

18. Based on the above information, I believe there is probable cause to conclude that David SANCHEZ-RAMIREZ, a citizen and native of Mexico, with a prior order of removal who was found in the United States after being removed to Mexico on November 19, 2018, without first having obtained the express consent or permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of Title 8, United States Code, Section 1326(a) and (b)(1).